WELLS v. AMERICAN BUREAU OF ENGINEERING, Inc.
AMERICAN BUREAU OF ENGINEERING, Inc., v. INTERNATIONAL MOTOR INSTITUTE et al.

(Circuit Court of Appeals, Seventh Circuit. November 29, 1922.)

Nos. 3123, 3124.

1. Copyrights ⏥87—Master's allowance in lieu of actual damages sustained.

In a suit for the infringement of 11 copyrights of drawings of ignition systems for various automobiles by the publication of 2,500 infringing pamphlets, where the master found that the profit to the infringers and the damage to the owner of the copyright could not be ascertained, and the parties agreed it was a proper case for the application of the provision of Copyright Act 1909, § 25 (Comp. St. § 9546), for an allowance in lieu of damages, the master's allowance of $250 for each of the 11 infringements will not be disturbed.

2. Copyrights ⏥77—Individual, participant with uncompleted corporation in infringement, held liable.

In a suit for infringement of a copyright, where it was shown that the incorporation of the defendant institute was never completed, and that one of the individual defendants had actively participated in the infringement, it was proper to award damages against that defendant.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the American Bureau of Engineering, Inc., against the International Motor Institute and others. From a decree for complainant, against certain defendants only, complainant and defendant Wells appeal. Affirmed.

John W. Hill and W. L. Bourland, both of Chicago, Ill., for plaintiff. Arthur L. Sprinkle, of Chicago, Ill., for defendants.

Before BAKER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Referring to the parties as they appeared in the District Court, plaintiff brought suit to enjoin the continued infringement of 11 copyrights and to collect damages for past infringements. The master found against the defendant International Motor Institute, but the court modified the finding by holding the defendant Wells also liable. The other individual defendants, Wrigley and King, were relieved of liability for the infringement. An allowance of $2,750, in addition to costs and attorney's fees was made by the master and confirmed by the court.

The validity of the copyrights is conceded. The admission is also made that the evidence establishes infringements. Only two questions then remain—the liability of the individual defendants and the amount of the damages. Both sides appeal, Wells because he was held personally liable for the amount of the judgment, and the American Bureau of Engineering because the amount allowed it as damages was inadequate, and because the individual defendants, King and Wrigley, were not also held for the damages.

[1] We will consider the question of damages first, for, in view of the supersedeas bond given by Wells, no question of liability of the defendants, King and Wrigley, need be reviewed if the damages as fixed are undisturbed. The master reports:

"Three thousand of the infringing books were printed. Of these approximately 2,437 books were disposed of, either on direct sale or consignment, 86 were given away, and 477 were destroyed by order of court after the decree finding infringement had been entered. * * * On June 7, 1919, defendant filed an account under federal equity rule 63, showing a loss on the infringing business amounting to $419.84. The evidence, when all considered together, shows a profit was made rather than a loss sustained on the infringing business and that the plaintiff suffered damages by reason of the infringement, but the amount of profits made by the defendant and the amount of damages sustained by the plaintiff cannot be accurately or approximately determined from the evidence. Obviously this is a proper case for the application of the 'in lieu' provision as to damages in section 25 of the Copyright Act of 1909 (Comp. St. § 9546), and counsel on both sides expressed their approval of this method of arriving at plaintiff's compensation. * * * The infringing business was not carried on very long, only a few months, and the volume of business was not great, and the plaintiff's damage by reason of the infringement is not as great as it would have been under other conditions, and I find as a conclusion of fact that $250 for each of the 11 infringements is a fair and reasonable amount to award against the corporation defendant."

Considering the value of the pamphlets (termed in the report books) and the character of the property rights invaded, we are not prepared to disturb the finding thus made by the master and affirmed by the court. The stipulation of counsel referred to by the master that this is a proper case for the application of section 25 of the Copyright Act (section 9546, U. S. Compiled Statutes), furnishes added support for this conclusion. Where the statute authorizes the trier of fact to assess damages between two certain arbitrary sums, there being no legitimate basis for recovery of any definite amount, this court should hesitate before modifying an award fixed by the master and confirmed by the District Court. Moreover as further support for the master's finding, it should be observed that while there were 11 copyrights covering 11 pamphlets, each showing the drawings of the ignition system of various automobiles, they could readily have been put under one cover and protected by one copyright.

We are unwilling to disturb the amount of the recovery, and the liability of the defendants Wrigley and King becomes unimportant, for upon oral argument it was conceded that the supersedeas bond given by Wells would amply protect the plaintiff in case the judgment as to Wells was affirmed.

[2] From our examination of the testimony, we are convinced that the trial judge properly included Wells as one of the judgment debtors,

not only because of his active participation in the infringement (Prest-O-Lite Co. v. Acetylene [D. C.] 259 Fed. 940; 13 Corpus Juris, 1161), but because the incorporation of the International Motor Institute was never fully completed.

The judgment is affirmed; the American Bureau of Engineering to recover costs in this court.